# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GARY FELLOWS,<br><br>　　　　　　　Defendant. | 8:19CR28<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Government's Emergency Motion for Order to Restrain Dissipation of Assets, ECF No. 70. The Government requests an order under the All Writs Act, 28 U.S.C. § 1651(a), restraining Defendant Gary Fellows from dissipating the fund in his Thrift Savings Plan (TSP) account. Fellows has not responded to the Motion and the Court concludes it should be granted.

## BACKGROUND

On April 15, 2019, Fellows entered a guilty plea to Count I, Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951, 1952, and Count IV, Use of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). Fellows signed a plea agreement with the United States. *See* ECF Nos. 62, 63. Under the plea agreement, Fellows agreed to pay restitution to the victims of his crimes. *See* ECF No. 63 at 4-5; *see also* 18 U.S.C. § 3663A (indicating that restitution is mandatory in crimes of violence and crimes against property). The Government asserts that a restitution order of at least $68,507.04 will be imposed against Fellows, payable to the victims. Fellows waived any defense or objection to any action to enforce the collection of the financial obligations to

be imposed in connection with this case. *See id*. at 5. The plea agreement further provided for a sentence of 300 months of imprisonment. *See id.* at 4.

The Government represents that it has learned that Fellows has assets in a TSP account acquired during his employment with the United States Postal Service. *See In re Fellows*, Ch. 13 Case No. BK 18-81783 (D. Neb. Dec. 12, 2018). Fellows's bankruptcy schedules show that he does not own any real estate. *See id*. He has personal property valued at $38,683.24 and liabilities of $71,385.97. *See id*. The Government asserts that TSP funds are exempt from bankruptcy and would not be necessary for the administration of the bankruptcy estate. The Government seeks to prevent dissipation of the TSP funds because they appear to be the only significant assets that could be applied to Fellows's anticipated restitution obligation.

## DISCUSSION

Fellows agreed to pay his victims restitution. The Government anticipates that Fellows's restitution payment will be significant and seeks to ensure that his assets are preserved and still available for payment of restitution under the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. The Government asserts that it lacks procedural avenues necessary to freeze the assets in Fellows's TSP account,[1] so it seeks an order from the Court under the All Writs Act, 28 U.S.C. § 1651.

---

[1] The Government may collect the restitution in the event defendant fails to pay through (i) any civil remedies available under the MVRA for the satisfaction of an unpaid fine or civil judgment such as a lien attached to defendant's property, 18 U.S.C. §§ 3613(f), 3664(m)(1)(A)(i),20 (ii) any civil enforcement methods available under the Federal Debt Collection Procedures Act ("FDCPA"), such as a writ of garnishment or execution on defendant's property, 28 U.S.C. § 3001 et seq.,21 and (iii) "all other available and reasonable means," 18 U.S.C. § 3664(m)(1)(A)(ii). However, none of these avenues ensure that, "defendant's assets will not be secreted, wasted or placed beyond the reach of the victim or the government." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 601 (E.D. Va. 2004).

2

The All Writs Act states in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act has served as a "legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). The Eighth Circuit has specifically held that "a sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act, when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt." *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011).[2]

In *Yielding*, the Government learned that an incarcerated defendant with a substantial restitution obligation was due to receive $160,000 to settle unrelated litigation. *Id.* The Eighth Circuit affirmed the district court's order under the All Writs Act, reasoning that the Government was legitimately concerned that the proceeds were an asset that should be applied to the inmate's restitution obligation. *Id.* "[T]he sentencing court was in the best position to take decisive action to keep the settlement proceeds available until its claim for restitution payment could be determined." *Id.*

Fellows has already pled guilty and his plea agreement recognizes that he must pay restitution to the victim of his crimes and the Government anticipates that the

---

[2] The Eighth Circuit in *Yielding* cited, with approval, several district courts that have used the All Writs Act to issue restraining orders to ensure funds are available for restitution and other court-ordered obligations. See *United States v. Simmons*, No. 07-CR-30, 2008 WL 336824, at *1 (E.D. Wis. Feb. 5, 2008) (finding the All Writs Act appropriate to ensure the availability of funds for restitution in a robbery case); *Abdelhadi*, 327 F. Supp. 2d at 601 (concluding that a restraining order under the All Writs Act is the only way to ensure that defendant's restitution funds are not dissipated).

restitution obligation will be at least $68,507.04. The schedules in Fellows's bankruptcy case show that his other assets will be insufficient to satisfy the anticipated restitution owed to his victims. However, his TSP account may be subject to garnishment for a criminal restitution order that results from the sentencing of a participant pursuant to the MVRA, 18 USC §§ 3663A & 3664; *see also United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). Based on the circumstances of this case, the Government has legitimate concerns that the assets in Fellows's TSP account should be maintained until his restitution payment can be determined. Accordingly, the assets belonging to Defendant Fellows and currently held in a TSP account should be preserved to be applied to the restitution to be paid to the victims of his crimes.

IT IS ORDERED:

1. The Government's Emergency Motion for Order to Restrain Dissipation of Assets, ECF No. 69; is granted; and
2. Defendant Gary Fellows and/or anyone acting on his behalf are enjoined from withdrawing, transferring, selling, or engaging in any other action that would decrease the value of Fellows's property, including his Thrift Savings Plan account until the Court determines his restitution obligation.

Dated this 5th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge