IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>GARY FELLOWS<br><br>    Defendant. | 8:19-CR-28<br><br>**MEMORANDUM AND ORDER** |

  This matter comes before the Court on Defendant's Motion for to Reduce Sentence (Filing 155). Defendant was sentenced on October 7, 2019, to a total term of 300 months' incarceration followed by five years of supervised release, after he pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 and using, carrying, or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Filing 112 at 1-3. He now seeks complete release from custody or release to home confinement due to the coronavirus pandemic in conjunction with alleged "Hypertension; High Blood Pressure; Under Active Thyroid disease; C.O.P.D.; and . . . Sleep Apnea." Filing 155 at 2, 19.

  Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

  Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

1

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> (i) extraordinary and compelling reasons warrant such a reduction;
> 
> . . . .
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Even if the Court accepts all of Defendant's factual allegations as true, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Indeed, a reduction of his sentence would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." Defendant's conduct that led to his conviction was heinous and serious. The § 3553(a) factors prevent this Court from providing any of the relief Defendant requests.

Accordingly, the Court denies Defendant's request for release.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 155) is denied;

2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 14th day of October 2020.

BY THE COURT:

_____

2

Brian C. Buescher
United States District Judge

3